FILED
CLERK OF COURT

2024 OCT 25 PM 3: 15

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0245-20** |
| | GPD Report No. 20-11619 |
| v. | |
| | **DECISION AND ORDER** |
| **JUAN FAISAO MENDIOLA** | **DENYING DEFENDANT'S MOTION** |
| (*aka* **JOHN F. MENDIOLA**), | **FOR REDCUTION OF SENTENCE** |
| DOB: 07/04/1963 | |
| | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 23, 2024 for hearing on Juan Faisao Mendiola's (*aka* John F. Mendiola's) ("Defendant's") Motion for Reduction of Sentence ("Motion"). Assistant Attorney General Jacob Wagner represents the People, and Attorney Joshua Walsh represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

Defendant was convicted of Manslaughter (as a 1st Degree Felony), with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony following a jury trial held in this Court between August 25, 2021 and September 7, 2021. See Judgement of Conviction (Jan. 26, 2022). Sentencing was held on January 12, 2022 and Defendant was sentenced to twenty-five (25) years incarceration at the Department of Corrections and three (3) years of supervised parole for the two convictions. Id.

On April 18, 2024, Defendant filed his Motion for Reduction of Sentence. Asking the Court for leniency in its sentence, Defendant cites to his age (60 years old), family obligations, and

Decision and Order Denying Defendant's Motion for Reduction of Sentence
CF0245-20, *People of Guam v. Juan Faisao Mendiola*
Page 1 of 3

rehabilitative progress made while incarcerated as factors for the Court's consideration. See Motion at 1 (Apr. 18, 2024).

On July 26, 2024, the People filed their Opposition to Defendant's Motion ("Opposition"). The People challenge Defendant's reasoning, claiming that no leniency should be extended for such a violent crime. See Opposition at 2-3 (Jul. 26, 2024).

The Court held a hearing on August 23, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Relevant Law:

Defendant's conviction of Manslaughter (as a 1st Degree Felony) carries a potential sentence of five (5) to twenty (20) years incarceration. See 9 G.C.A. §§ 16.50(b) and 80.30(a). Defendant's conviction of Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony carries a potential sentence of ten (10) to twenty-five (25) years incarceration, which shall run "in addition to the punishment imposed for the commission of such felony". See 9 G.C.A. § 80.37(a)(1). In total, Defendant faced a minimum of fifteen (15) years and a maximum of forty-five (45) years incarceration for his crimes.

"The Court may reduce a sentence… within one hundred twenty (120) days after entry of any order or judgement of the Supreme Court of Guam, having the effect of upholding a judgment or conviction." See 8 G.C.A. § 120.46.

### II. Application:

Defendant's Motion for Reduction of Sentence is untimely, being filed more than 120 days after the Guam Supreme Court's Judgment upholding his conviction filed on November 28, 2023.

Even if the Motion were timely, Defendant has provided an insufficient basis to justify a sentence reduction. The Defendant has established himself as a serious risk to the public, being convicted of a violent and brutal offense that resulted in the death of another individual. While the Court applauds Defendant for receiving treatment while incarcerated, there is much more work to be done before Defendant can be safely released back into society. Although Defendant has family members who rely on him, their needs do not trump the need to ensure public safety.

Decision and Order Denying Defendant's Motion for Reduction of Sentence
CF0245-20, *People of Guam v. Juan Faisao Mendiola*
Page 2 of 3

Lastly, the Court already accounted for such mitigating factors in its original sentence. Defendant could have been sentenced to forty-five (45) years incarceration, but was only sentenced to twenty-five (25) years incarceration for his crimes. Defendant has presented no new evidence or reasons for why the original sentence should be altered.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. Defendant's sentence of twenty-five (25) years incarceration at the Department of Corrections and three (3) years of supervised parole remains in effect.

**IT IS SO ORDERED** this _Oct. 23, 20__.

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
A.G, Walsh

10/25/24 3:19 pm
Date          Time

Antonia
Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion for Reduction of Sentence
CF0245-20, *People of Guam v. Juan Faisao Mendiola*
Page 3 of 3